## W. L. BUCHANAN, ADM'R AND ANOTHER v. H. W. MONROE AND ANOTHER.

The doctrine of equity is, that the equity of redemption, is the real and beneficial estate, tantamount to the fee at law; and it is accordingly held to be descendible by inheritance, devisable by will, and alienable by deed, precisely as if it were an absolute estate of inheritance at law.

See this case, for what is said by the court, as to the character of the estate held by the mortgagor and mortgagee; its quality and liabilities; and as to the effect of the death of either party, in respect to their rights, and the manner of enforcing the same.

A mortgagor of real estate may convey the same to a third party, subject to the mortgage; and in a suit by a purchaser of the mortgaged property, (at a sale by the mortgagee, made by virtue of a power of sale contained in the mortgage,) to recover the possession, and remove the cloud upon his title, against such third party: *Held,* that the conveyance of the land by the mortgagor, in fee, transferred to the purchaser the equity of redemption of the mortgaged premises; and to affect the rights of the purchaser, he would be a necessary party to the suit. The mortgagor, having parted with his entire estate, would not be a necessary party.

The purchasers of the mortgaged property were subrogated to the estate of the mortgagors, and all their rights in relation thereto. Therefore, the death of one of such purchasers, before the sale made by the mortgagee, revoked the power to sell, which could only be enforced by proceedings in the Probate Court.

APPEAL from Gonzales. Tried below before the Hon. Fielding Jones.

This suit was brought in the court below, by Hugh W. Monroe and John Monroe, trading under the firm of Monroe & Brother, against Sarah Wyatt, widow of Wm. H. Wyatt, deceased, and Wm. L. Buchanan, administrator of the said W. H. Wyatt. In the original petition, filed at the Fall Term, 1857, in the form of an action of trespass to try title, the plaintiffs deraigned title through a sale under a mortgage given by Wm. M. Phillips, and M. J. Phillips, his wife, to Everett Lewis.

The mortgage was dated 13th November, 1856, and was given to secure a note, of the same date, for the sum of $750, payable in nine months from date. It contained a power to sell, in default of payment, by giving notice in a manner therein expressed. On the 15th of November, 1856, Phillips and wife sold, and conveyed the mortgaged premises in fee, to William and Sarah Wyatt, with an express recognition in the deed, of the existence of the mortgage, and a conditional covenant of general warranty, in case the purchasers (Wyatts) removed the incumbrance; but otherwise, the deed to operate as a quit claim. This deed was acknowledged in the usual form, before said Everett Lewis, as notary public, and duly recorded, and under it Wyatt and wife took possession of the property.

After the date of this deed, and before the maturity or payment of the note, William H. Wyatt died, leaving his family in possession, and William L. Buchanan, the appellant, administered on his estate. The note of Phillips and wife, secured by the mortgage, not being paid at maturity, Lewis, under the power to sell contained in the mortgage, proceeded to advertise, according to the mode pointed out in the power; and on the 14th day of September, 1857, sold the said mortgaged premises, at public auction, to Monroe & Brother, and as trustee, gave the purchasers the deed on which their title rested; all of which titles or deeds, and proceedings, were made a part of the pleadings.

The defendants answered by filing general exceptions, and a plea of the general issue.

The plaintiffs amended their petition, charging that the deed

from Phillips and wife to Wyatt and wife, being of record, and defendants in possession claiming title under it, was a cloud upon the plaintiffs' title, which they prayed might be removed, by annulling and rendering void the said deed.

The cause coming on for trial, the defendants' exceptions to plaintiffs' petition were overruled; and the cause being put to the jury, the plaintiffs read in evidence, the mortgage from Phillips and wife to Lewis, the deed from Phillips and wife to Wyatt and wife, and the deed from Lewis to plaintiffs. They also proved, by Lewis, the mortgagee, that he, (Lewis) as he believed, made the sale according to law; that he advertised the sale of the property, in the Gonzales paper; and at two places in the county, put up notices. To the admission of the deeds, and the testimony of Lewis, the defendants objected, and their objections were overruled by the court. Upon cross-examination of said Lewis, the defendants propounded the following questions:

1st. Were not Phillips and wife, at the time they executed the mortgage to witness, occupying the mortgaged premises as a homestead?

2d. Was not Jane Phillips, one of the mortgagors, dead, at the time of the sale made by him?

3d. Were you (witness) not cognizant of the sale from Phillips and wife to Wyatt and wife, at the time of said sale; and did you not agree with Phillips and wife, to take Wyatt and wife in place of said Phillips and wife, for the payment of the note secured by the mortgage?

4th. Whether Wyatt and wife did not give their own homestead, in consideration of the property in question?

5th. Did not Wyatt and wife occupy the premises in question as a homestead, after said sale; and what was the value of the premises sued for?

6th. Was Wyatt living or dead, at the time of the sale made under the mortgage by Lewis, the witness?

To all of which questions the plaintiffs objected; the objections were sustained by the court, and the defendants excepted.

The defendants then offered the transcript of the record of the Probate Court, showing the appointment of Buchanan, as administrator of said W. H. Wyatt, deceased; and the inventory of Wyatt's estate, showing that the premises in question were set apart as the homestead for the family of decedent; to all of which the plaintiffs objected, and the objections being sustained by the court, the defendants excepted.

The defendants asked the court to charge the jury: 1st. That if Mrs. Phillips, one of the mortgagors, was dead at the time of the sale by Lewis, his sale and deed to plaintiff conveyed no title. 2d. That if they believed, from the evidence, that Mrs. Wyatt, one of the grantees from Phillips and wife, was occupying the premises as a homestead, or that Wm. H. Wyatt, the other grantee, was dead, and administration had been granted on his estate, at the time of the sale, then the sale and deed by Lewis, conveyed no title. 3d. That the plaintiffs have made out no title from the sovereignty of the soil, and therefore plaintiffs could not recover. All of these charges were refused, and the defendants excepted.

The court charged the jury as follows: "In this case, we "charge you, gentlemen, that the title, as shown you by the "plaintiffs in this cause, vests the title in them, and you should "find for the plaintiffs." The jury returned a verdict in accordance with the instructions of the court; and the court rendered judgment for plaintiffs, awarded a writ of possession, and annulled the deed from Phillips and wife, according to the prayer of the petition. From this judgment and decree, the defendants took an appeal to this court, and assigned for error:

1st. The court erred in overruling defendants' exceptions to plaintiffs' petition.

2d. The court erred in allowing the deeds to be read in evidence, and in permitting Lewis to give evidence for plaintiffs.

3d. The court erred in refusing to allow Lewis to answer the several questions propounded to him.

4th. The court erred in refusing to allow defendants to

read in evidence, the transcript from the Probate Court on said Wyatt's estate.

5th. The court erred in its charge to the jury.

6th. The court erred in refusing the charges asked for by defendants.

7th. The court erred in refusing a new trial.

*Parker*, for appellants.

*Harwood*, for appellees.

WHEELER, CH. J.   The decisions of this court have recognized, in its full extent, the doctrine of courts of equity, that a mortgage is but a security for the debt, and only a chattel interest; and that, until a decree of foreclosure, the mortgagor continues the real owner of the fee.   The doctrine of equity is, that the equity of redemption is the real and beneficial estate, tantamount to the fee at law; and it is accordingly held to be descendible by inheritance, devisable by will, and alienable by deed, precisely as if it were an absolute estate of inheritance at law.   (4 Kent's Com. 159, 160; 2 Story's Eq. Jur. §§ 1015, 1016, 1017, 1023.)   "The mortgagor has a right to lease, sell, "and in every respect, to deal with the mortgaged premises as "owner, so long as he is permitted to remain in possession, and "so long as it is understood and held, that every person taking "under him, takes subject to all the rights of the mortgagee, "unimpaired and unaffected." (4 Kent's Com. 157.) The equity of redemption, is a subsisting estate and interest in the land, in the hands of the heirs, devisees, assignees, and representatives (strictly so called) of the mortgagor.   (2 Story's Eq. Jur. § 1023.)   It is liable to sale on execution, in this country, as the real estate of the mortgagor, or his alienee, in his lifetime; and upon his death, descends to his heirs, charged, in the administration of his estate, with subsisting liens, and his debts, in the same manner as his other real estate : whereas, the estate of the mortgagee is but a chattel interest, is not liable

to execution, and upon his death, the mortgage debt is part of the personal estate of the mortgagee.

The conveyance by the mortgagors, Phillips and wife, transferred the equity of redemption to Wyatt and wife. It passed the entire estate and interest in the property, subject to the lien of the mortgage. The whole estate was conveyed subject to the lien, and became the estate of Wyatt and wife; and so remained at the death of Wyatt, if that was before the sale under the power in the mortgage. In a suit to foreclose the mortgage, they would have been necessary parties, in order to bar their equity of redemption. (4 Kent's Com. 185; Story's Eq. Pl. §§ 193, 195, 197; Hall v. Hall, 11 Tex. Rep. 526.) But Phillips and wife would not have been necessary parties, because they had parted with their entire estate, and had no interest to be affected by the decree. Their equity of redemption was transferred, and passed by the conveyance, to Wyatt and wife; who were thereby subrogated to their estate, and all their rights in relation thereto. Their estate and rights, after the conveyance, were in all respects the same as those of Phillips and wife before. Hence, according to the doctrine in Robertson v. Paul, 16 Tex. Rep. 472, and numerous cases since decided, the death of Wyatt operated a virtual revocation of the power to sell, contained in the mortgage, and imposed on the mortgagee the necessity of having recourse to the Probate Court, for the enforcement of his lien upon the property; upon the principle, that the statute relating to the estates of deceased persons, requires all liens upon property of their estates, to be enforced in the Probate Court. (17 Id. 627; 18 Id. 200; Chandler v. Burdett, 20 Id. 42; Cunningham v. Taylor, Id. 126; McMiller v. Butler, Id. 402.) Upon the death of Wyatt, before the execution of the power to sell, the equity of redemption was in his legal representatives; the property, with the mortgage incumbrance, was a part of his estate; the mortgage was a lien upon property of his estate; and according to these decisions, could not be enforced otherwise than by proceeding in the Probate Court. In the lifetime of Wyatt, a decree of

Buchanan v. Monroe.

foreclosure, to which he was not a party, would not have barred his equity of redemption; he would not have been bound by the decree; and the title of the purchaser, at a sale under it, would have been inoperative to divest his right, and ineffectual in an action to recover of him the possession; although a sale, in pursuance of the power in the mortgage, might have had the effect of a decree to which he was a party, to foreclose and bar his equity of redemption, and vest the paramount title in the purchaser at the sale. But after his death, the power being thereby revoked, the sale by the trustee was unauthorized, and consequently inoperative to foreclose the equity of redemption remaining in his legal representatives; was not binding upon his estate, or effectual to give title to the purchaser at the sale.

The court, therefore, erred in excluding evidence offered by the defendants to prove the fact of the decease of Wyatt, prior to the sale by the trustee; for which .the judgment must be reversed, and the cause remanded.

Reversed and remanded.