## J. EARL PRESTON v. C. R. BREEDLOVE.

1. VERDICT.—In a suit on a promissory note and to enforce the vendor's lien, where the defendant pleaded a general denial, a verdict for the amount of the note is insufficient to sustain a judgment foreclosing the lien.
2. VENDOR'S LIEN—JUDGMENT.—A party in possession claiming under complete and recorded conveyances, is not affected by a decree foreclosing the vendor's lien against a remote vendor in a proceeding to which he is not a party; and a sale under such decree would be ineffectual to pass the title, or, at all events, so as to cut off his defenses to the lien.
3. BREACH OF WARRANTY.—The fact that suit had been brought against the maker of a note secured by the vendor's lien for the land, is not of itself evidence of failure of title so as to defeat the action on the note for the purchase-money.

APPEAL from Grimes.   Tried before the Hon. James R. Burnett.

Breedlove sued Preston on three promissory notes, executed September 16, 1868, by Preston to W. H. Smith, and indorsed by Smith, alleged to have been assigned before maturity, and also to enforce the vendor's lien alleged to have been retained on six lots in the town of Navisota, for which the notes were given.

Defendant answered by general denial, and specially that the notes were executed for the lots to Smith, who at the time executed to defendant a warranty deed for the lots, and agreed to take up and discharge a prior vendor's lien in favor of one Nolan, before demand should be made of payment of said notes.   That Smith failed to pay Nolan, and that suit was instituted by Nolan against W. S. Thomas, the maker of the note, secured by the said prior vendor's lien, and prosecuted to judgment at the Summer Term of the District Court of Grimes county 1868, and sale ordered of the lots; that to prevent sale, defendant paid off the Nolan judgment while the notes were held by Smith; that Smith was insolvent, and that the notes were assigned by him after maturity, and that Breedlove had full knowledge of all the facts, and of defendant's equities.   By amendment defendant pleaded that before the said notes were transferred to Breedlove, one Clark and his wife had instituted suit for one half interest in said lots, which suit was still pending, whereby defendant was in danger of losing the half interest; that Smith was insolvent, unable to respond on his warranty, &c.

Plaintiff, in replication to the last plea, alleged facts avoiding the title of Clark and wife; and further, that defendant at his purchase well knew of the condition of the title, and was willing to accept it.

The court instructed the jury—

1. "In this case the defendant admits the execution of the notes read in evidence, and that the same holds a vendor's lien

on the premises described in the petition; you will therefore render a verdict for plaintiff, unless," &c.

2. "If you believe from the evidence that at the time of the sale of the premises Smith agreed to lift any outstanding liens, and that Nolan held a *bona fide* and valid lien on the premises, and the defendant paid such lien, then you will find the amount paid and the time it was paid; but if Smith at the time he purchased the premises did not know of the Thomas note, then his title was good, and he was required to pay such note, nor is defendant entitled to have a credit for any amount he may have paid on the same; and in this case you will find for the plaintiff."

The court refused to instruct the jury, at instance of Preston, that "if they believed from the testimony that Preston relied on Smith's promise to remove all liens, &c., on the lots, then Smith was bound to make good his promise, &c.; and that the judgment of Nolan v. Thomas, enforcing the vendor's lien, was valid, and could not be attacked collaterally.

The jury found a verdict, "We, the jury, find for the plaintiff full amount note and interest, less credit on note."

Upon this verdict the court rendered judgment for $311.29, and ordering sale of the lots to satisfy the judgment.

Motion for new trial was overruled, and Preston appealed. The errors assigned are given in the opinion.

*Boone & Goodrich*, for appellant, cited Rogers v. Broadnax, 24 Tex., 541; Bailey v. Mills, 27 Tex., 438; Claiborne v. Tanner, 18 Tex., 68; Spiva v. Williams, 20 Tex., 442; May v. Taylor, 22 Tex., 348; Mussina v. Goldthwaite, 34 Tex., 125.

*Hutchinson & Carrington*, for appellee, cited Cooper v. Singleton, 19 Tex., 260; Brock v. Southwick, 10 Tex., 65; Hurt v. McReynolds, 20 Tex., 599; Perry v. Rice, 10 Tex., 367; Tarpley v. Poage, 2 Tex., 148; Herman on Estop., 108 ·

4

Robinson v. Varnell, 16 Tex., 387; Linn v. Wright, 18 Tex., 317; Farquhar v. Dallas, 20 Tex., 200; Thompson v. Payne, 21 Tex., 625; Lemmon v. Hanley, 28 Tex., 225; Cook v. Jackson, 20 Tex., 211; 2 Sugd. on Vend., 74; 2 Story's Eq., § 1226; Fisher v. Foote, 25 Tex. Supp., 315; 31 Tex., 725; Gamage v. Trawick, 19 Tex., 64; George v. Lemon, 19 Tex., 152; Oliver v. Chapman, 15 Tex., 410; Long v. Steiger, 8 Tex., 462; Perry v. Robinson, 2 Tex., 491; Briscoe v. Bronaugh, 1 Tex., 340; James v. Wilson, 7 Tex., 232; Moke v. Fellman, 17 Tex., 368; Parker v. Leman, 17 Tex., 116.

Gould, Associate Justice.—One of the errors assigned is, that "the verdict is too vague to support the judgment and decree of the court." If we should hold the verdict suffi-. ciently certain as to the amount, there was still no finding in relation to the vendor's lien claimed; and, inasmuch as there was a general denial, the verdict was clearly insufficient to support the decree of foreclosure. (May v. Taylor, 22 Tex., 348; McConkey v. Henderson, 24 Tex., 212; Bledsoe v. Wills, 22 Tex., 650; Burford v. Rosenfield, 37 Tex., 42.)

In reversing the case for this error it is proper to notice other questions liable to recur on another trial.

Being in possession under a deed with warranty, it certainly devolved on Preston to establish that the outstanding lien, which he claimed to have paid, and for which he claimed credit on his note, was a valid lien as against his vendor, Smith. The production of a judgment of foreclosure in favor of a prior vendor, Nolan, against Nolan's immediate vendee, Thomas, (a proceeding to which it does not appear that either Smith or Preston were parties, and a proceeding which appears to have been commenced whilst Preston was in possession, under a recorded deed connecting back through several complete and recorded conveyances with the defendant Thomas,) did not show that the lien was valid, as against

Smith or Preston, or that a sale under the decree would affect Preston's title.  A party in possession, claiming under complete and recorded conveyances, is not affected by a decree of forclosure against a remote vendor alone; and a sale under such a decree would be ineffectual to pass the title, at all events, so as to cut off his defenses against the lien. (Mills *v.* Traylor, 30 Tex., 7; Buchanan *v.* Monroe, 22 Tex., 542; Chapman *v.* Lacour, 25 Tex., 94; James *v.* Jacques, 26 Tex., 323; Johnson *v.* Byler, 38 Tex., 606; Hall *v.* Hall, 11 Tex., 526; Webb *v.* Maxan, 11 Tex.; Watson *v.* Spence, 20 Wend., 264; 2 Hilliard on Mort., p. 87, par. 35 *et seq.;* Ram. on Jud. Sales, secs. 176, 199, 382; Freeman on Judg., secs. 162, 205.)

It is scarcely necessary to add that the fact that Clark and wife had brought suit against the defendant Preston, for an undivided moiety of the lots, was not of itself evidence that his title had failed to that extent; nor was Preston estopped, by his answer in that case, stating matters going to show that the suit was not well founded.

For the reason before stated, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.