M. J. WRIGHT v. J. C. & E. M. WOOTERS.

1. FORECLOSURE—PARTIES.—A decree of foreclosure does not conclude a purchaser whose rights in the property were known before the commencement of the foreclosure proceedings.

2. WAIVER OF VENDOR'S LIEN—NEW SECURITY.—In a suit by one claiming as the vendor, and also under a foreclosure and sale, and

against one not a party to the foreclosure proceedings, having pur-
chased prior to such suit, the question, whether the vendor was
precluded from enforcing his "superior title" as against the assignee
of the purchaser, the purchase-money not being paid, is material,
and should be submitted to the jury, if pleaded in defense.

3. VENDOR'S TITLE, WHERE PURCHASE-MONEY HAS NOT BEEN PAID.
While the doctrine that a mortgage to secure the purchase-money,
executed by the vendee at the time he receives his conveyance, has
the effect to make the contract executory, is well settled by the
decisions of this court, it is believed that its extension, so as to give
like rights to others than the vendors, may lead to confusion; and
such application of the principle should only be made where the
right is clear.

4. PRACTICE.—A purchaser at such foreclosure sale (and particularly, if
the plaintiff) has the right of action to foreclose against the subse-
quent purchaser; in which suit the subsequent purchaser would have
the right to make any defense he has; to put in issue the execution
of the mortgage; if other lands were included in the mortgage, he
may have necessary parties made, and the question of amount, with
which the tract of land is chargeable, investigated, and have other
lands, which were included in the mortgage, subjected to the debt,
so that the tract purchased shall be subjected only to its proper
proportionate amount.

5. WAIVER.—Taking a new note with security, for a note secured by
mortgage, is not a waiver of the mortgage, unless expressly intended
to have that effect.

APPEAL from Houston. Tried below before the Hon. L.
W. Cooper.

The opinion contains a sufficient statement of the case.

*D. A. Nunn*, for appellant.

*W. A. Stewart* and *Chandler, Carlton & Robertson*, for ap-
pellees.

GOULD, ASSOCIATE JUSTICE.—This suit was commenced and
tried as an action of trespass to try title. The title on which
the appellees, who were the plaintiffs, recovered, was under a
purchase at a sale, by virtue of a decree foreclosing a mort-
gage, in a suit by the plaintiffs against Daniel Dailey, as the
mortgagee, and Wm. H. Cundiff, as surety. The evidence

shows, that "long prior to the institution of the suit to fore-close, Dailey had conveyed the land in controversy, by deed, with covenants of warranty, duly recorded, to Texana P. Hays, who went into possession and made valuable improvements; that she had conveyed it, by deed duly recorded, to one Simpson, and that Simpson had conveyed to Joseph A. Wright, (husband of the appellant, and deceased during the pendency of this suit,) who also went into possession before the commencement of the suit to foreclose. These facts show clearly that the plaintiffs in the suit to foreclose had notice that Wright was the owner of whatever title Dailey had, and that Wright should have been made a party defendant to that suit. Repeated decisions of this court, since a rehearing of this cause was granted by our predecessors, are to the effect that a sale under such a decree does not pass the title as against the purchaser of whose claim there is notice. (Preston *v.* Breedlove, 45 Tex., 47; Lockhart *v.* Ward, 45 Tex., 227; Johnson *v.* Byler, 45 Tex., 509, and authorities cited in those cases.)

It is evident that the recovery of appellees was on their title derived by purchase at the foreclosure sale, and that the case, as tried, was upon that issue, and not upon any legal or equitable title in plaintiffs, by virtue of the mortgage claimed to have been taken from Daily at the time he received a deed. Whether there was, or was not a mortgage, was a disputed fact, which, before the plaintiffs could recover, on the ground that the legal title remained in the estate of John Long, and passed to the ward of plaintiffs when, in the distribution of the estate, the note, secured by the mortgage, was allotted to her, was a question on which the defendant was entitled to have the jury pass, without reference to the judgment of foreclosure. If the recovery had been sought on that ground, it might have been made a question how far the rights of the appellees were affected by the settlement of the mortgage debt by Dailey, at or about the time of the foreclosure sale, and whether, under all the

circumstances, they had any other rights than, as purchasers at the sale, to be subrogated to the right to foreclose.

Without undertaking to decide that the plaintiffs could or could not have recovered, on the ground that the legal title had never passed to Dailey, or his vendees, but was in their ward, we deem it proper to say, that, whilst the doctrine, that a mortgage to secure the purchase-money, executed by the vendee at the time he receives his conveyance, has the effect to make the contract executory, is well settled by numerous decisions of this court, it is believed that its extension, so as to give like rights to others than the vendor, may lead to confusion, and that such applications of the principle should be made only in cases where the right is clear.

In the view which we have taken of the case, it becomes unnecessary to notice many of the errors assigned and questions discussed. It is deemed proper, however, to intimate that the plaintiffs may, if they see proper, amend their pleadings so as to claim a foreclosure, and that in that event, the defendant may, if he see fit, have Dailey made a party, and may have the question investigated as to the amount with which the land is properly chargeable in his hands, and the extent of his remedy over against Dailey. If there was a mortgage duly recorded, but including other tracts of land, and if that mortgage is still in force, not waived or released, certainly the plaintiffs are entitled to enforce it, but the defendant may claim, unless good reason is shown why the same should not be done, that the other mortgaged lands be subjected also, or that the land in his hands be subjected only to its proper proportionate amount. (Ayres *v.* Cayce, 10 Tex., 107.)

With the view, if possible, of shortening this already protracted litigation, we will add, that the taking of a new note, with different sureties, did not of itself, unless so intended, operate as a release or waiver of the mortgage. The general rule is, that a mortgage to secure a promissory note "will remain security for any new note given in payment of the

former one, unless there is an intention to the contrary."
(Hilliard on Mortg., chap. XVI, secs. 4 and 5; Burdett *v.*
Clay, 8 B. Monroe, 287.)

There is a wide distinction between a mortgage and a
vendors' lien; and facts would amount to a waiver of the
latter, which would be wholly insufficient in case of an ex-
press lien, reserved by mortgage. (See Burdett *v.* Clay,
*supra.*)

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

Justice MOORE did not sit in this case.