JOHN KENNEDY v. B. R. DAVIS & BRO.
(March 16, 1880.)

MORTGAGE.— Effect of change of evidence of the secured debt. Charge of court unsupported by evidence.

APPEAL from Harris county. Opinion by QUINAN, J.

STATEMENT.— In February, 1874, Kennedy leased to Williams the Washington Hotel in Houston at a rent of $200 per month, payable at the end of every month, reserving "a special lien in the nature of a mortgage for the rent, upon all the furniture of every description that may be put into the house." This lease was recorded February 25, 1874.

On March 10, 1874, Williams purchased of B. R. Davis & Bro. a quantity of furniture, with the understanding that he should give security for the goods upon delivery. Williams proposing to give as security S. W. Allen, three notes for the amount of Williams' purchase were written out and signed by Williams, payable to the order of S. W. Allen at four, eight and twelve months, dated 15th of March, but the proof shows really executed on the 10th of March, and at the same time Williams executed a mortgage to Allen to secure the payment of the notes upon the same goods purchased of Davis & Bro., and this mortgage was recorded in Harris county March 12, 1874.

After the execution of the notes, which contemplated the indorsement of them by Allen, by mutual consent of Williams, Allen and Davis & Bro., the name of R. B. Davis & Bro., as payees, was inserted instead of S. W. Allen, and Allen signed the notes as an original promisor, writing his name above that of Williams. The notes were delivered to B. R. Davis & Bro., and the goods to Williams. On the 13th of March, 1874, the goods reached Houston, and were placed by Williams in the Kennedy House. When the first note fell due, Williams, being unable to pay it, got an extension of time, taking up the note, and executing in lieu of it another note dated July 1, 1874, adding interest, making $979.35.

In November, 1874, Kennedy filed his suit in the district court of Harris county against Williams for his rent due under the lease, set up his lien upon the furniture in the Kennedy House, sued out a writ of sequestration, and thereon the sheriff seized the same goods sold by Davis & Bro. to Williams, and mortgaged by Williams to Allen to secure the payment of the notes given for the goods.

Davis & Bro. then sued out an injunction against Osbe, the sheriff, and Kennedy, setting up their claim on the goods, alleging the seizure of the goods by the sheriff by direction of Kennedy; that Williams would not replevy them, and that Kennedy would, and if he did their security would be lessened, etc.; that they feared Kennedy would dispose of the goods, and they prayed that Kennedy be restrained from interfering with the property, and Osbe from delivering it to him, etc., and that they have judgment establishing the prior lien.

Kennedy answered to this writ of injunction, claiming a prior lien on the goods sequestered, and denying that Davis & Bro. had any lien thereon; that he caused them to be sequestered and has a right to them; that he is amply solvent to said plaintiffs in ten times the value of the goods, should the plaintiff have any cause of complaint. He prays that the injunction be dissolved.

On the hearing the judge dissolved the injunction, and then Davis & Bro. amended their petition, making Allen and Williams parties, alleging the facts with regard to the making of the notes and mortgage, asking judgment against them on the notes, and a decree for the foreclosure of their mortgage on the goods and an order of sale. They averred that Kennedy, since the institution of the suit, had taken possession of the goods and sold them to the lessee of the Kennedy House, or leased them to him; that they have been constantly in use, are greatly deteriorated in value, would bring little or nothing at a public sale, and pray judgment against him for the value of them, or, if he be permitted to return them, they ask a judgment for the difference in their value at the present time and when sequestered.

The cause was submitted to a jury, who found a verdict for the plaintiffs against Williams and Allen on the notes, and against Kennedy for the value of the goods sequestered, $2,767.10. Judgment was rendered in accordance with the verdict. The defendant, Kennedy, moved for a new trial, which being overruled, he has appealed.

Opinion.—The assignments of error are numerous, but it is not necessary to notice them further than the appellant has relied upon them in his brief. The first error assigned is: That the court erred in admitting in evidence the notes payable to B. R. Davis & Bro., because they were not the notes described in the mortgage from Williams to Allen; they are by different makers and to different payees.

In answer to this objection, we say that the law is well settled otherwise. The notes were the notes declared on in the petition.

A mortgage secures a debt and not the note or bond or other evidence of it. No change in the form of the evidence or the mode or time of payment, nothing short of actual payment of the debt or an express release, will operate to discharge the mortgage. The mortgage remains a

lien until the debt it was given to secure is satisfied, and is not affected by a change of the note, or by giving a different instrument as evidence of the debt. Perkins v. Stone, 23 Tex., 562; Wright v. Wooters, 46 Tex., 380; Jones on Mortgages, § 924.

It was perfectly competent, then, for plaintiff to prove that the notes offered in evidence were given for the same debt which the mortgage was made to secure. His suit was founded upon them, and we think the proof in the case established conclusively that they evidenced the debt which the mortgage was given to secure.

The appellant insists that the lien of Kennedy is superior to that of Davis & Bro. We do not think this proposition tenable. The mortgage on the goods purchased by Williams from Davis & Bro. described them piece by piece; it was executed in Galveston on the 10th of March, 1874; it was recorded in Harris county on the 12th of March, 1874. It bound the goods in Galveston before they were shipped; it bound them in Houston after their arrival there, before and after they were placed in the Kennedy House, and if they had never been placed in the Kennedy House; and we have been cited to no authority and certainly have been furnished with no good reason to support the proposition that the act of Williams in placing them in the Kennedy House should have the effect of discharging the lien upon them for the payment of the Davis & Bro. notes, given for the purchase of them, and rendering them at once subject primarily to Kennedy's lien, under his contract with Williams.

The mortgagee's security cannot be affected by any dealings of the mortgagor with other persons. Jones on Mortgages, sec. 925, and cases cited.

We are of opinion that Davis & Bro. established a valid mortgage lien upon the goods superior to every claim of Kennedy thereto.

The fourth, fifth, sixth and seventh assignments of error relate to the charge given to the jury. The charge given

is: "If you find from the evidence that Kennedy has appropriated said goods upon his mortgage from Williams, find for plaintiff against Kennedy," and it is objected that there was no evidence to warrant such a charge.

The only testimony in respect to an appropriation of the goods by Kennedy in the statement of facts is this isolated sentence in the testimony of Mr. Davis: "The paper shown me is the list of the furniture sold to Williams, and the same embraced in the mortgage from Williams to Allen, and the same seized by defendant in his suit against Williams."

This refers, of course, to the sequestration of the goods by Kennedy, mentioned in the pleadings. There is nothing in the record to show whether the goods were ever replevied by Williams or by Kennedy, or were ever in the possession of Kennedy. There is nothing in the pleadings or the proof to show but that the goods were, at the time of the trial, in the hands of the sheriff, and still are in as sound condition and as valuable or perhaps more so than when first sequestered. And assuredly the sequestration of them by Kennedy was not an appropriation of them. Davis & Bro. were not the owners of the goods absolutely.

It has been repeatedly decided, says Wheeler, J., in Wright v. Henderson, 12 Tex., 45, "that a mortgage is but a security, and that the title remains in the mortgagor, subject to be divested by foreclosure of the mortgage. Until the happening of that event the fee, or ultimate proprietorship, remained in the party creating the trust, and consequently was liable to seizure and sale under execution as his property, subject to the lien created by the deed of trust."

And again in Perkins v. Stone, 23 Tex., 582, it is said that courts of equity will treat it as a security for the debt, and the mortgagee can never acquire an absolute title to the thing mortgaged without the aid of the court.

The statute, article 1480, Paschal's Digest, prescribes the proper judgment to be rendered in suits for the foreclosure

of mortgages on personal property, and indicates very clearly that ordinarily the mortgagee cannot claim possession until after the judgment to foreclose. The sheriff is to find the property and sell it.

We think, therefore, the court erred in giving the instruction complained of to the jury, because there was no testimony to warrant it.

The assignments of error that the verdict was against the evidence, and that the court should have granted defendant, Kennedy, a new trial, it will be seen from what we have said in our view of the case, are well taken. The verdict was without evidence to support it, and the judgment upon it erroneous.

Had the plaintiffs proved their allegations that Kennedy had sold or leased the goods to the lessee of the Kennedy House, and that they had been so used and deteriorated in value as virtually to destroy their security, this judgment, we think, could be supported; but as there is no such proof it cannot stand. The plaintiffs, under the pleadings and the proof in the case, were only entitled to a decree for their debt against Williams and Allen and a foreclosure of the lien, and an order for the sale of the property, if it could be found, to satisfy their debt, and execution over against the debtors. If the goods be found they have the right, upon proof of their value at the institution of their suit, to a judgment against Kennedy for the same, or for the difference in the proceeds of sale of such as may be found, and the total value at the institution of the suit. Having a valid lien upon the goods, they were entitled to have them appropriated, or the value of them, to the satisfaction of their debt at the date of the institution of their suit, and Kennedy would from that date, as he had previously sequestered them, be responsible to them for the use of them or any loss or deterioration in their value. Herman on Chat. Mort., 341.

The judgment as to Kennedy will be reversed and the cause remanded for further proceedings in accordance with this opinion.