MATILDA J. BRADFORD ET AL. v. THOMAS J. KNOWLES ET AL.

No. 111.

## 1. Foreclosure of Lien against Lands of an Estate.

Meyers v. Evans, 68 Texas, 466, adhered to, that while the probate act of March 20, 1848, was in force, the District Court had no jurisdiction to decree a sale in a foreclosure of a lien against the lands of an estate. The Probate Court alone had jurisdiction .................... ....... 508

## 2. Sale of Land by Mortgagor—Probate Jurisdiction.

A mortgagor sold land mortgaged by him; the deed was placed on record. On the death of the mortgagor the land sold formed no part of the estate, and neither the Probate nor District Court could order the sale of the land as the property of the estate......................... 508

## 3. Parties—Foreclosure.

The mortgagor's deed for the mortgaged land executed subsequent to the mortgage was duly recorded. After such record the grantee in the deed is a necessary party in foreclosure proceedings. A decree of sale in proceedings to which he was not a party does not affect his rights..................................................................... 508

## 4. Same—Vendor's Lien.

The rule above stated, and effect of the foreclosure decree, is distinguishable from cases for decree enforcing the vendor's lien. In these cases the purchaser at the sale may recover the land, unless the original purchase money be paid, although the junior purchaser was not party to the foreclosure suit................................................ 509

## 5. Equities upon Invalid Judicial Sale.

A mortgage covered a large tract of land. The mortgagor subsequently sold a part of the tract. The mortgage was foreclosed against the estate of the mortgagor, the purchaser of the part not being made a party. *Held,* that the purchaser was not affected by such foreclosure, and he was not required to return the purchase money as condition for recovery. Had he been party he may have defeated the claim by limitation; or at least he may have obtained an order requiring the mortgagee to sell that part of the land not disposed of before sale of his part ..................................................... 510

ERROR to Court of Civil Appeals for Fourth District, in an appeal from Guadalupe County.

The opinion gives a sufficient statement of the case.

*W. M. Rust* and *W. E. Goodrich,* for plaintiffs in error.— 1. The District Court, in the case of Caperton v. Erskine's Administrator, tried in 1869, under the judgment of which John P. Erskine, in 1869, purchased, was without jurisdiction, the suit being against the administrator of M. Erskine's estate pending administration. Pasch. Dig., art. 1319; Cunningham v. Taylor, 20 Texas, 126; Robertson v. Paul, 16 Texas, 472; Cannon v. McDaniel, 46 Texas, 303; Irrigation Co. v. Jackman, 14 S. W. Rep., 305.

2. These plaintiffs were not parties to the suit of Caperton v. M. Erskine's Estate, and are not bound by the judgment rendered therein.

3. The deed to plaintiffs by M. Erskine to the 1200 acres in controversy being upon valuable consideration, and executed after Caperton's debt was barred, the statute of limitation could not be affected by the judgment in the case of Caperton v. Erskine's Administrator, and especially when plaintiffs were not made parties to the suit. Hodges v. Taylor, 57 Texas, 196; Lehmburg v. Biberstein, 51 Texas, 457; Arledge v. Hail, 54 Texas, 398; Bump on Fraud. Con., 481.

4. Where one person has a mortgage upon two or more tracts of land to secure a debt, and another party has a debt secured by mortgage upon only one of the tracts covered by mortgage, equity will require the first mortgagee to exhaust his remedy against the lands not covered by the second mortgage before resorting to the other tract. Story's Eq. Jur., secs. 633, 889.

*John Ireland* and *W. R. Neal*, for defendants in error.—1. Although plaintiffs were not before the court in 1869 when the judgment foreclosing the lien of Caperton and others was rendered, this defect did not affect the validity of the debts sued on, nor defeat the jurisdiction of the District Court to establish them as claims against the estate of Michael Erskine. The land when conveyed to plaintiffs was charged with the debts for which it was sold, and these debts were a lien on the land, and these debts were carried into a judgment by a court of competent jurisdiction, and the payment made by John P. Erskine extinguished them. The rule is, that when the property is charged with the debt for which it is sold, then independently of the legal proceedings under which it was sold, the purchase money must be restored before it can be recovered. John P. Erskine held title under the lien given on the land before the deed to plaintiffs was made. Caperton's mortgage was executed October 14, 1853. John P. Erskine paid Caperton $15,000 for his lien and claim. John P. Erskine became the purchaser under the judgment in April, 1869, as per agreement with Caperton. Plaintiffs have not offered to restore any part of the money paid to extinguish the lien to which their title was subject. Jolly v. Stallings, 14 S. W. Rep., 1002; Northcraft v. Oliver, 74 Texas, 168.

2. Plaintiffs can be in no better position by reason of their deed than Michael Erskine, their vendor, would have been, the plaintiffs having record notice of the mortgages executed prior to the date of their deed; and neither Michael Erskine nor his vendees could turn the mortgagees or those holding under them out of possession, without tendering the purchase money or amount of the mortgage debt. Hannay v. Thompson, 14 Texas, 142; Rodrigues v. Haynes, 76 Texas, 225; Bosse v. Johnson, 73 Texas, 608; Wilt. on Mort., 78.

GAINES, ASSOCIATE JUSTICE.—This suit was before the court at a former term, and is reported in 78 Texas, 109. Its nature and the issues made by the pleadings and evidence appear sufficiently in the report of the case as there presented. The leading facts may also be gleaned from the opinion there reported.

Upon the trial from which the appeal now under consideration was prosecuted, the judge, who tried the case without a jury, filed his conclusions of fact and law, and the appeal questions only the correctness of his conclusions of law upon the facts so found by him.

Both the plaintiffs and the defendants claim title to the land in controversy through Michael Erskine as the common source. The tract is a part of six leagues known as the Capota grant. In October, 1853, M. Erskine executed a mortgage upon the six leagues and other lands, to secure a debt for a large sum of money due one Allen T. Caperton. In April, 1854, Erskine executed a mortgage upon the Capota leagues to secure a note made by himself, A. N. Erskine, and John P. Erskine, for the sum of $1880.80, payable to J. C. Ehringhaus. It is to be inferred from the pleadings that the note was given to J. C. Ehringhaus as trustee for the plaintiffs, as the heirs of J. C. B. Ehringhaus.

In May, 1860, M. Erskine also executed to the heirs of J. C. B. Ehringhaus a deed to 1200 acres of the Capota leagues. The plaintiffs are the heirs mentioned in the deed, except one, who is an heir of an heir. The tract so conveyed is the subject matter of this suit. An issue was made as to the acceptance of this deed, but the court finds distinctly that it was executed.

M. Erskine having died, and administration having been granted upon his estate, Caperton, the mortgagee, in the year 1868, brought suit against his administrator for a foreclosure of his mortgage upon the Capota leagues and other lands, in the District Court of Guadalupe County, and obtained a decree for the sale of the mortgaged premises for the satisfaction of his debt. The plaintiffs were not made parties to the suit. The land was sold in pursuance of the decree, and John P. Erskine, through whom defendants claim title, became the purchaser.

Whether the administrator had rejected the claim when the suit was brought, or whether it had been allowed, and the suit was merely to foreclose the mortgage, the court's findings do not show. Neither does it clearly appear from the findings whether the District Court undertook to enforce its own decree, or whether that decree was certified to the County Court, and the sale made under the order of that court. But the answer alleges that the District Court ordered the sale of the land, and that " the same was sold in obedience to said order, and was purchased by John P. Erskine," etc.

This brings us to the first question in the case, namely, the validity of the sale of the land to John P. Erskine under the decree of foreclosure.

The judgment was rendered and the sale took place while the Act of March 20, 1848, in relation to the estates of deceased persons, was in force. It is expressly held in Meyers v. Evans, 68 Texas, 466, that in a proceeding to establish a claim against a decedent's estate which is secured by a. mortgage, the District Court had no power to order a sale of the property for the satisfaction of the debt. The judgment must be certified to the County Court for observance. All claims must be classified, and the latter court has exclusive original jurisdiction to make the classification. The sale in the case cited was made by virtue of a decree rendered in 1867, and was held to pass no title.

It is insisted on behalf of. defendants in error, that the court's findings. do not show that the sale was made under an order of the District Court. The finding is not clear upon this point. But we think the fair intendment from the defendant's answer is that that court made the order of sale. The defendants do not allege in their answer that the decree of the District Court was certified to the County Court, and that the land was sold under the orders of the latter court. If the matter were doubtful, it should be resolved against the party pleading it. But in our view of the case we deem it unimportant whether the order of sale proceeded. from the one court or the other. M. Erskine having conveyed the land in question, it was not a part of his estate, and the County Court, as has. been held, had no jurisdiction over it, and no jurisdiction to order a sale of the land. Schmeltz v. Gary, 49 Texas, 49. And for precisely the same reason, the District Court had no power to order its sale simply as the property of his estate; the estate having no title, legal or equitable, in it. This must be so, even if we should hold that a mortgage against the estate of a deceased person could be foreclosed through the process of the District Court.

But the sale in question, as to the plaintiffs, must be held of no effect. for another reason.

The deed from M. Erskine to the plaintiffs, conveying the land in controversy, was placed upon record before the suit to foreclose the mortgage was brought. It has been settled in this State by numerous decisions, that when the mortgagor has conveyed the mortgaged premises, and the mortgagee has notice of the conveyance, the grantee of the mortgagor is a necessary party to a suit for foreclosure, and a sale of the property under a decree to which he is not a party does not affect his. right. Hall v. Hall, 11 Texas, 526; Buchanan v. Monroe, 22 Texas, 537; Mills v. Traylor, 30 Texas, 7; Preston v. Breedlove, 45 Texas, 47; Railway v. Whitaker, 68 Texas, 630; Byler v. Johnson, 45 Texas, 509; King v. Brown, 80 Texas, 276; Peters v. Clements, 46 Texas, 125; Wright v. Wootters, 46 Texas, 382. This seems to be the uniform rule of decision in other jurisdictions. Wiltsie on Mort. Foreclosure, new ed., sec. 126, p. 145, and note 2. The author cited says: "The cases.

are uniform in holding, that a purchaser at a foreclosure sale acquires no title whatever to the mortgaged premises, unless the owner of the equity of redemption is made a party, although the mortgagor and subsequent encumbrancers may have been made defendants. Such a purchaser remains a stranger to the title to the land, and the sale operates only as an equitable assignment of the mortgage to him.'' Id., sec. 127.

We have a line of cases which hold, that a vendor in an executory contract for the sale of land, who has sued his vendee to enforce the lien without making a subsequent purchaser a party, and has bought the land under a decree of foreclosure in such a suit, may recover of such purchaser the land, unless he pay the purchase money. Ufford v. Wells, 52 Texas, 612; Cattle Co. v. Boon, 73 Texas, 548; Foster v. Powers, 64 Texas, 247.

A deed otherwise absolute upon its face, which expressly reserves a lien for the payment of the purchase money, is treated as an executory contract, and as coming within this rule. These decisions rest upon this doctrine, that in such a case the vendor holds the paramount title until the purchase money is paid, and that after default he may sue for and recover the land from his vendee or any one holding under him.

These cases have become a rule of property in this State, which is binding upon the courts. If sustainable at all, it must be upon the ground that the vendor, notwithstanding his suit against his vendee, has not lost his right to elect to disaffirm the contract and to claim the land. This is the ground of the doctrine as suggested in Cattle Co. v. Boon, supra.

It would seem that when default has been made, and the occasion for an election of remedies has once arisen, and the vendor has seen fit to proceed for the purchase money, he ought, as a general rule, to be precluded from claiming the land. But it has been held, that if after suit the vendee pleads the statute of limitation, and thereby refuses to do equity as this contract requires, it is such a repudiation of the contract on his part as will enable the vendor to amend his pleadings, and to assert his right to the land. And it may be, that since the last purchaser is not a party to the foreclosure suit, and is not estopped by the judgment and sale, the vendor is not estopped either by his election to sue his vendee alone or by the result of that suit. An estoppel must be mutual. However that may be, the cases under consideration proceed upon the ground that the plaintiff is entitled to recover by virtue of his original title, and not by virtue of any title he has acquired by a sale under a decree of foreclosure in a suit to which the last purchaser was not a party.

These cases are very clearly distinguishable from those previously cited, in which it was held that the purchaser from a mortgagor is not affected by a foreclosure suit to which he is not a party. The mortgagor in this State has the legal title, and conveys it to his grantee. In an executory contract for the sale of land, when the purchase money is unpaid, the

vendor retains the legal title and the vendee acquires an equity, which alone passes to the subsequent vendee. The case comes within the rule announced in the cases first cited, and it must therefore be held that John P. Erskine acquired no title to the land in controversy as against these plaintiffs by virtue of his purchase under the decree of foreclosure.

If the plaintiffs had been grantees of all the land subject to the mortgage, and if they had been made parties to the foreclosure suit in a court of competent jurisdiction, and a valid decree had been entered for the foreclosure and sale of the land, and if a sale had been made, which for some reason was void, then they could not recover the land without refunding the purchase money.

But the judgment in this case is of no effect, at least as to them; and under the circumstances it would be inequitable to require them to refund as a condition of recovery. If they had been made parties, it would have been their right to show that the mortgage was barred, and in any event to require the mortgagee to sell the other land subject to the mortgage before proceeding against that which had been conveyed to them by the mortgagor. In such a case the rule announced in Northcraft v. Oliver, 74 Texas, 168, can not be applied.

The case is also distinguishable from Halsey v. Jones, decided by us at the present term [ante, page 488]. That suit grew out of a probate proceeding to which the heirs are always parties; and the claims, which purported to be in part satisfied by the decree of the County Court, were recognized in the decree as valid claims against the estate, and therefore as a charge upon it.

We would not be understood as holding that if the proper parties had been made, the District Court did not have jurisdiction to foreclose the mortgage upon the particular land in controversy. Michael Erskine having sold this tract, his estate had no interest in it, and the County Court, as has been held, had no power to order a sale of it. But for the same reason the District Court had no power to order a sale of it as the property of his estate.

The judgments of the District Court and of the Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 26, 1894.