CAMILLA G. DAVIS V. HOWARD S. LANIER ET AL.

Application No. 2956. Decided March 25, 1901.

**1. Foreclosure—Parties—Purchaser from Mortgagor.**

The legal title acquired by purchase from a mortgagor not being affected by a sale under foreclosure to which such purchaser was not made a party, the burden of proof was upon one claiming to recover against him upon purchase at such foreclosure sale to show that defendant had bought after the suit to foreclose was instituted. (P. 455.)

**2. Same—Registration—Burned Record.**

Writ of error is refused in this case on the ground that judgment was properly rendered in favor of the holder of the legal title under purchase from the mortgagor, without passing on the question whether his purchase was with constructive notice of a recorded mortgage when the record had been burned. (Pp. 455, 456.)

APPLICATION for writ of error to the Court of Civil Appeals for the First District, in an appeal from Liberty County.

*Stevens & Marshall,* for applicant.

GAINES, CHIEF JUSTICE.—It appears from the evidence adduced upon the trial of this case that when George W. Davis (whose title the applicant for the writ of error has) obtained a judgment foreclosing his mortgage on the land in controversy, it had been sold under execution as the property of the mortgagor, and one Wharton Branch (whose title the defendants have) had become the purchaser and had caused his deed to be recorded. Branch was not made a party to the foreclosure suit. Branch had no actual notice of the mortgage. But even if he had notice, either actual or constructive, he at least acquired by his purchase the legal title to the land subject to the lien of the mortgage. It is clear that since Branch was not made a party to the suit of foreclosure, his title was not affected by the foreclosure sale. Bradford v. Knowles, 86 Texas, 505, and cases cited. If Branch had bought after Davis brought suit to foreclose, then, being a purchaser pendente lite, the rule as to him would have been different. It does not appear from the statement of facts that the foreclosure suit was instituted before Branch purchased, and we think the burden was upon the plaintiff to show the fact, if indeed it was a fact.

It is therefore obvious that the plaintiff, under the title shown by the evidence, was not entitled to recover, although Branch may have had constructive notice of the mortgage when he purchased the land. For this reason we do not find it necessary to pass upon the question whether the record of the mortgage—the records having been burnt, the purchase having been within four years from the time of the burning and the mortgage not having been recorded again within that period—was notice to Branch. Even if the Court of Civil Appeals

erred in holding that it was not notice, the judgment is the only judgment that could have been properly rendered under the evidence, and the application for the writ of error is therefore refused.

*Writ of error refused.*