**GULF, C. & S. F. RY. CO. et al. v. BLOUNT.**

(Court of Civil Appeals of Texas. March 10, 1911.)

1. MORTGAGES (§ 427*)—FORECLOSURE—PARTIES.

When a mortgagor has conveyed the mortgaged premises, and the mortgagee has notice of the conveyance, the grantee of the mortgagor is a necessary party to a suit for foreclosure, and a sale of the property under a decree to which he is not a party does not affect his right.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1269–1287; Dec. Dig. § 427.*]

2. VENDOR AND PURCHASER (§ 299*)—VENDOR'S LIEN—FORECLOSURE—PARTIES.

Where a vendor in an executory contract for the sale of land reserving a vendor's lien or a grantor in a deed reserving such lien sues to foreclose the lien without making a subsequent purchaser from the vendee or grantee a party, and buys the land at the foreclosure sale, he may recover the land unless such subsequent purchaser satisfies the lien claim.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 299.*]

3. VENDOR AND PURCHASER (§§ 261, 279*)—VENDOR'S LIEN—FORECLOSURE—PARTIES.

An assignee of vendor's lien notes who does not take a conveyance of the vendor's title to the land becomes merely the owner of the lien on the land with the right to foreclose, and does not stand in privity of title to the vendee or subsequent purchasers from him, and hence such assignee cannot, by an action of foreclosure, bar the interest of such vendee and his subvendees without making them parties to the action.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 674–695, 778–782; Dec. Dig. §§ 261, 279.*]

4. VENDOR AND PURCHASER (§ 299*)—LIEN—ENFORCEMENT—RECOVERY OF LAND—AFTER-ACQUIRED TITLE—AMENDMENT OF PLEADING.

An assignee of vendor's lien notes, having foreclosed the same without making subsequent purchasers of the land from the vendee parties to the foreclosure suit, brought an action in trespass to try title against such subsequent purchasers, and after the commencement of such action took a conveyance of the land from the original vendor, but failed to amend his pleading so as to allege acts of trespass subsequent to taking such conveyance. *Held* that, since the assignee by his assignment did not acquire any title to the land, a judgment in his favor in the action of trespass to try title was improper in view of the state of the pleadings.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 299.*]

5. VENDOR AND PURCHASER (§ 299*)—VENDOR'S LIEN—FORECLOSURE — RECOVERY OF LAND.

Where an assignee of vendor's lien notes foreclosed the lien and purchased the property at the foreclosure sale, without making subsequent purchasers from the vendee parties to the action, such purchasers could defeat a subsequent action in trespass to try title by the assignee by a tender of the amount due on the lien notes.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 299.*]

Appeal from District Court, Shelby County; James I. Perkins, Judge.

Action by E. A. Blount against the Gulf, Colorado & Santa Fé Railway Company and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Terry, Cavin & Mills, F. J. & C. T. Duff, and Bryarly, Carter & Walker, for appellants. Davis & Davis, for appellee.

McMEANS, J. This suit was brought by E. A. Blount against the Gulf, Colorado & Santa Fé Railway Company and the Gulf, Beaumont & Great Northern Railway Company in trespass to try title to 18 acres of land, part of the Jesse Amason survey in Shelby county. The defendants answered by general demurrer, general denial, plea of not guilty, and disclaimed as to all the land sued for except 8.64 acres thereof, which are described

by metes and bounds in their answer. They specially pleaded that they were not parties to the foreclosure proceedings in the probate court, under and by virtue of which plaintiff obtained his title, and that at the time of such proceedings they were in possession of the 8.64 acres under and by virtue of a deed from James T. Polley, which was duly recorded. They further pleaded that at the time of the foreclosure there was sufficient land covered by the lien and not otherwise incumbered to have paid off the entire claim of the plaintiff without foreclosing upon the land of defendants. The case was tried before the court without a jury and resulted in a judgment for plaintiff, from which defendants have appealed.

Appellants' first assignment is as follows: "The court erred in rendering judgment for the plaintiff in this cause, because the uncontradicted evidence shows that the plaintiff held vendor's lien note against the land in controversy, together with two other tracts, one of 160 acres of land and the other of 100 acres of land, and 9.36 acres of land sued for, title to which was disclaimed by the defendants and only 8.64 of land sued for was claimed by defendant, and the evidence shows that the lands outside of what was claimed by defendants was of amply sufficient value to have paid off the plaintiff's debt without the 8.64 acres of defendants' land; and, further, that the defendants, nor either of them, was ever made party to the plaintiff's foreclosure proceeding; and, further, that the defendant, Gulf, Beaumont & Great Northern Railway Company, held a warranty deed to said 8.64 acres of land, given by James T. Polley and wife, which was executed and duly recorded before the foreclosure proceedings of plaintiff was instituted. The defendants being junior incumbrancers, under duly recorded deed, and being in possession of the land claimed by them, were entitled to notice of plaintiff's foreclosure proceedings." The first point presented by this assignment is not insisted upon in any proposition in appellant's brief.

The salient facts are, briefly, as follows: By deed dated December 26, 1901, B. F. Bridges sold to James T. Polley the land in controversy, together with two other tracts, one containing 160 acres and the other 100 acres, for the consideration of $1,860, of which sum $620 was paid in cash and $1,240 in vendor's lien notes. This deed was duly recorded. The notes passed to plaintiff, E. A. Blount. By deed dated February 7, 1904, said Polley, joined by his wife, conveyed to defendant Gulf, Beaumont & Great Northern Railway Company 8.64 acres of the land in controversy, and this deed was promptly recorded. In March, 1904, said Polley died, and during the same year administration of his estate was granted by the county court of Shelby county, and Laura A. Polley was duly appointed administratrix. Plaintiff, Blount, presented his note, then amounting to $887.28, to the administratrix, and the same was allowed and approved as a third-class claim against the estate. In presenting his claim plaintiff asked that the land in controversy, together with the other two tracts, be sold to pay the purchase-money note held by him, and this was granted, and the administratrix was ordered by the court to sell all the land and apply the proceeds to the payment of said note. Acting under this order, the administratrix sold the land, and the same was bought in by plaintiff, Blount. A report of the sale was approved, and the sale confirmed by the probate court, and the administratrix was ordered to make a deed to plaintiff to the three tracts of land, including the tract in controversy, and a deed was accordingly made, of date July 1, 1905, and duly recorded. The amount bid by the plaintiff for the land at administratrix's sale paid off the note and all interest thereon. Neither of the defendants was a party to the proceedings in the probate court in which plaintiff's lien was foreclosed. The evidence shows that the value of the land, other than the 8.64 acres claimed by defendants, was at the time of the foreclosure and sale greater than the amount of plaintiff's note. The railway company in 1903 had one of its tracks on the land, as well as at the time of the foreclosure, and continuously since then.

After the filing of plaintiff's suit, but before the filing of the amended original petition upon which the case was tried, plaintiff procured from B. F. Bridges, the original vendor, a deed conveying the superior title reserved by him in the sale to Polley. The amended petition, however, alleged a trespass by defendant at a date anterior to the date of this deed.

Appellants contend by their first proposition that in a suit to enforce a vendor's lien a subsequent vendee in possession claiming the land under a recorded deed is a necessary party, and that the purchaser at a foreclosure sale, to which suit such vendee was not a party, cannot maintain an action of trespass to try title against such vendee. They contend by their second proposition that the plaintiff, being the holder of the vendor's note and lien, and having elected to go into the probate court to collect his money and foreclose his lien, and having obtained judgment in said court for the amount of his lien, and having had the land sold under the judgment and become the purchaser thereof, cannot disaffirm the contract of sale and recover back the land as the assignee of the original vendor.

[1] It is well settled in this state that when a mortgagor has conveyed the mortgaged premises, and the mortgagee has notice of the conveyance, the grantee of the mortgagor is a necessary party to a suit for foreclosure, and a sale of the property under a decree to which he is not a party does not

affect his right. Bradford v. Knowles, 86 Tex. 508, 25 S. W. 1117, and authorities there cited.

[2] On the other hand, it is well settled that a vendor in an executory contract for the sale of land, where a vendor's lien is expressly reserved, who has sued his vendee without making a subsequent purchaser a party, and has bought the land under a decree of foreclosure in such a suit, may recover of such purchaser the land unless he pay the purchase money. Bradford v. Knowles, supra; Ufford v. Wells, 52 Tex. 612; Cattle Co. v. Boon, 73 Tex. 548, 11 S. W. 544; Foster v. Powers, 64 Tex. 247; Gardener v. Griffith, 93 Tex. 355, 55 S. W. 314; Brown v. Canterbury, 101 Tex. 86, 104 S. W. 1055, 130 Am. St. Rep. 824.

A deed, absolute upon its face, which expressly reserves a lien for the payment of the purchase money, is treated as an executory contract, and as coming within this rule. These decisions rest upon the doctrine that in such a case the vendor holds the paramount title until the purchase money is paid, and that after default he may sue for and recover the land from his vendee or any one holding under him. Bradford v. Knowles, supra.

[3] In the case before us, however, the plaintiff was neither a mortgagee nor the vendor of the land. Under such circumstances, he did not stand in the attitude of the original vendor, but, when he acquired the notes, became merely the owner of the lien with a right to foreclose the same upon the land as against the vendee and the subsequent vendees, and a failure to make the subvendees parties would not affect their title to the land.

As said in Mason v. Bender, 97 S. W. 718: "The mere fact that one holds unpaid purchase-money notes for land upon which a vendor's lien is expressly retained to secure their payment does not, without more, divest him of the character of a stranger and make him a privy in estate with the vendor, vendee, or the vendee of the latter. He simply holds the notes with a right to enforce the lien reserved upon the premises for which they were given in its purchase. The superior title which remained in the vendor when the land was conveyed does not pass to the assignee of the notes, but remains in the vendor, unless expressly conveyed by an instrument in writing to the assignee of the notes or some one else. Such holder of the notes cannot exercise the right of the vendor to rescind the sale, upon the failure of the vendee to pay the purchase money, by suing and recovering possession of the land by reason of his superior title. As between such holder of the note and the vendee, or subvendees, the sale is absolute and vests title, as well as the right of possession to the land, subject to the lien for the purchase money, with the right of foreclosure in a legal manner on the part of the holder in default of payment. Farmers' Loan & Trust Co. v. Beckley, 93 Tex. 267, 54 S. W. 1027; Stephens v. Mathews, 69 Tex. 341, 6 S. W. 567; Douglass v. Blount, 95 Tex. 369, 67 S. W. 484 [58 L. R. A. 699]; McCamly v. Waterhouse, 80 Tex. 340, 16 S. W. 19."

[4] But, as has been before shown, the appellants were not parties to the foreclosure proceedings; therefore they were not bound thereby, and their title acquired by purchase from James T. Polley in 1904 was not affected by the foreclosure and sale to appellee. This being true, then the note, in the proportion that the value of the land sold by Polley to appellants bore to the value of all the land, was not paid off and discharged, and to this extent appellee's note was still secured by a lien, and we see no good reason why the appellee could not, even after the foreclosure and sale, by obtaining the title of Bridges, the original vendor, disaffirm the original contract of sale and bring suit directly for the land. It is true that appellee acquired the title of Bridges after the suit was begun, but he had a right by proper amendment of his pleadings to recover upon his after-acquired title, but in order to do so it was necessary to allege a trespass by appellant at a time subsequent to the date of the deed by which he acquired Bridges' title. This he failed to do, but instead alleged a trespass by appellants at a date anterior to the date of the deed. Ballard v. Carmichael, 83 Tex. 359, 18 S. W. 734.

We think, therefore, in view of the state of appellee's pleadings, he was not entitled to recover, and that the court erred in rendering judgment in his favor, and for this error the judgment of the court below must be reversed, and the cause remanded, and it has been so ordered.

[5] If upon another trial appellee shall by his pleadings and proof show himself entitled to recover, the appellants may defeat a recovery of the land by a proper tender of payment to appellee of the undischarged portion of the note. Ufford v. Wells, supra.

The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.