THOMAS MORROW v. HENRY M. MORGAN ET AL.

1. MORTGAGOR'S ESTATE—PARTIES.—A purchaser from a mortgagor may recover the land mortgaged, in trespass to try title, against parties holding under a foreclosure sale to which the plaintiff was not a party.   Such foreclosure proceedings do not affect the right of a purchaser from the mortgagor prior to the suit for foreclosure, and not made a party to such suit.

2. CONSTRUCTION—MORTGAGE.—A mortgage containing a clause that the mortgagor shall have possession, without paying rent, of the mortgaged property until a fixed date, is not to be construed thereby to confer the right of possession thereafter to the mortgagee.

3. CONTRACT—CONSTRUCTION.—The maxim, that "the express mention of one thing implies the exclusion of another," is ordinarily used to control, limit, or restrain the otherwise implied effect of an instrument, and not to "annex incidents to written contracts in matters with respect to which they are silent."

4. CROSS–BILL IN TRESPASS TO TRY TITLE.—A defendant claiming under such foreclosure sale may, by cross-bill, be subrogated to the rights of the mortgagee to the extent of his purchase-money, and compel an adjustment of the equities between the parties.

APPEAL from Wood.   Tried below before the Hon. M. H. Bonner.

The case is fully stated in the opinion.

*A. P. Shuford,* for appellant, cited and discussed Adams' Eq., secs. 111, 115; Duty *v.* Graham, 12 Tex., 427; Buchanan

*v.* Monroe, 22 Tex., 537; Hall *v.* Hall, 11 Tex., 547; Mills *v.* Traylor, 30 Tex., 7; Perkins *v.* Sterne, 23 Tex., 561; Wright *v.* Henderson, 12 Tex., 44; Floyd *a.* Borland, 33 Tex., 777; Lockhart *v.* Ward, 45 Tex., 227; Laird *v.* Winters, 27 Tex., 440; Allison *v.* Shilling, 27 Tex., 451; Story's Eq. Pl., 153; Byler *v.* Johnson, 45 Tex., 509; Mann *v.* Falcon, 25 Tex., 272; Foster *v.* Wells, 4 Tex., 104.

*J. J. Hill,* also for appellant.

*Hart & Buchanan,* for appellees.—The judgment in the court below, in this cause, does not conclude any right which appellant may have to the land in controversy; nor is it insisted that it should. But the judgment below should be affirmed, because the evidence in the case clearly discloses the fact, that while appellant may have the right of property in, or the naked title to, the land in controversy, yet he is not entitled to the possession thereof. By reference to the second volume of Story's Equity Jurisprudence, section 1017, it will be seen that the rule there laid down, is that the mortgagor, unless there be some special agreement to that effect, is not entitled of right to the possession of the land mortgaged, but that the mortgagee has the right at any time to take possession, and retain the same until the mortgage is satisfied. This rule, however, has been reversed by our Supreme Court; and in Duty *v.* Graham, 12 Tex., 433, it is said that "the mortgagor, if he have the superior right or title, should be entitled to the possession, unless there was some special stipulation to the contrary."

It will be observed, that in the mortgage from S. R. Smith, appellant's vendor, to Isaac McGary, it is specially stipulated that the mortgagor should retain possession of the mortgaged premises, free of rent, until the 1st day of January, 1863; thereby clearly implying that the mortgagee should take possession of the same after that time. Had the mortgage itself been silent upon the subject of possession and rent, then, by

law, the mortgagor would have been entitled to possession free of rent; but as the mortgage expressly provides that the mortgagor should retain both possession and the rents until January 1, 1863, the law presumes that the parties intended to exclude what would otherwise have been implied; and that the possession of the land and the rents should be given to the mortgagee, McGary, after said 1st day of January, 1863. In 2 Parsons on Contracts, page 28, it is there said, that "A mortgage, by law, passes all the fixtures of shops, foundries, and the like, on the land mortgaged; but if the instrument enumerates a part, without words distinctly referring to the residue, or requiring a construction which would embrace the residue, no fixtures pass but those enumerated."

The appellant having purchased the land in controversy from S. R. Smith after the execution and recording of the mortgage above mentioned, thereby acquired all the rights, and none other, (see Buchanan v. Monroe, 22 Tex., 542,) which his vendor (Smith) had, which was the equity of redemption, without the right of possession under the terms of the mortgage. And as, in an action of trespass to try title, plaintiff must recover upon the strength of his own title, and as both the right of property and the right of possession must concur in the plaintiff to entitle him to maintain said action, (see Hannay v. Thompson, 14 Tex., 145,) therefore, unless the evidence in this case shows that appellant is entitled to the possession of the land, then he cannot maintain his action. The evidence in this case shows that appellees have paid off the incumbrance upon said land under said mortgage, and have thereby acquired the rights of McGary, the mortgagee, including that of possession. It is, therefore, submitted, that before appellant can maintain an action of trespass to try title for said land against appellees, he must first pay back the money paid by appellees for his benefit. (Hannay v. Thompson, 14 Tex., 145.)

Gould, Associate Justice.—Thomas H. Morrow brought

this action of trespass to try title, claiming 1,600 acres of land under a deed from S. R. Smith, of date August 8, 1870, and duly recorded January 23, 1871. The defendants, Henry M. Morgan and others, claimed under a mortgage from S. R. Smith to Isaac McGary, of date February 8, 1861, duly recorded in May of that year, and as purchasers at a judicial sale, in March, 1874, under a decree of foreclosure, rendered in the District Court of Walker county December 2, 1871, in a suit against the mortgagor, but to which Morrow was not a party.

The cause was tried without a jury, resulting in a judgment in favor of defendants, which judgment, however, expresses that it is not to prejudice the ultimate rights of the plaintiff. Embodied in the judgment, we find an opinion of the presiding judge, holding, in substance, that Morrow's title was not affected by a decree of foreclosure to which he was not a party, but that the purchasers at the foreclosure sale were subrogated to the rights of the original mortgagee, and that, under a clause in the mortgage, one of those rights was to the possession of the mortgaged property after January 1, 1863. The court thus deduced the conclusion that the defendants were lawfully in possession, and that their possession could not be disturbed until the purchase-money paid by them had been refunded, and the respective equities of the parties adjusted.

The mortgage, which is thus construed, shows that it was given to secure a large indebtedness of the firm of J. C. & S. R. Smith to McGary, then past due, and, in consideration of the agreement of McGary, to extend the time of payment to January 1, 1863. The property mortgaged was a league and labor of land, (less 1107 acres sold to Dr. J. H. Starr,) embracing the land sued for, and a brick store-house and lot, in the town of Huntsville, described as then occupied by Smith, Walker & Co. The mortgage is in the ordinary form, except the concluding clause, as follows: "The said McGary to have and to hold the hereby granted premises, to him, his

heirs and assigns forever, but upon the following conditions: That if said note of J. C. & S. R. Smith be fully paid off and discharged on or by the 1st day of January, 1863, then this deed of mortgage shall be void, and said McGary shall reconvey said premises back to me; otherwise to remain in full force and effect; and until the 1st day of January, 1863, I am to retain the possession and use of said lands and houses free from rent. Witness," &c.

The opinion of the court below holds, that it is to be implied from this stipulation that the mortgagee was entitled to possession after January 1, 1863. We do not so construe the mortgage. The intention of the parties will, we think, be more nearly carried out by inferring that the grantor either misconceived or doubted the legal effect of the mortgage on the title, and the right of possession; and, by way of precaution, sought to protect himself by stipulating for a reconveyance on payment of the debt, and also for undisturbed possession until the expiration of the extension, leaving the right of possession after that time to be regulated by the law. The provision for a reconveyance was unnecessary. (4 Kent's Comm., 193.) The stipulation for possession was also unnecessary, being but the expression of that which the law implies, in the absence of a stipulation to the contrary. (Duty v. Graham, 12 Tex., 427; Mann v. Falcon, 25 Tex., 275.)

The rule of construction, that "the expression of a clause which the law implies works nothing," leads to the conclusion that this provision may be treated as surplusage. (Broom's Leg. Maxims, 519; 2 Pars. on Cont., 3d edition, 28.) The maxim, that "the express mention of one thing implies the exclusion of another," is ordinarily used to control, limit, or restrain the otherwise implied effect of an instrument, and not to "annex incidents to written contracts in matters with respect to which they are silent." (Broom's Maxims, 505, 513.) It is said, that the general ground of a legal implication is that the parties to the contract would have expressed that which the law implies, had they thought of it,

or had they not supposed it was unnecessary to speak of it because the law provided for it. (2 Pars. on Cont., 27.) We are unable to see, from the provisions of the mortgage, that the parties in fact designed to regulate by contract the possession of the mortgaged property after the maturity of the debt, but left so important a part of their contract to uncertain implication. The evidence does not show that possession was taken or claimed by the mortgagee, but tends to show that the right of the mortgagor to possession remained unchallenged up to the foreclosure sale. In our opinion, there is nothing on the face of the mortgage, or in the evidence, justifying the conclusion that the right of possession was not in the plaintiff.

The defendants may, however, on filing proper pleadings, in the nature of a cross-bill, be subrogated to the rights of the mortgagee, to the extent of the purchase-money paid at the foreclosure sale, and may thus place it in the power of the court to compel the plaintiff to adjust their equitable claims on the land.

It is not deemed necessary to pass upon other questions presented. The error in the construction of the mortgage is fatal to the judgment, and on another trial the same questions will scarcely arise, as the issues will probably be changed.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.