## KING & FORDTRAN ET AL. V. G. W. BROWN.

### No. 2911.

1. **Foreclosure Without Proper Parties.**—It has been repeatedly decided by this court that where a mortgagor's equity of redemption or legal title to land is sold to another that a suit to foreclose the mortgage against the mortgagor without making the purchaser of his title a party, and a decree of foreclosure and sale, have no effect upon the title of such purchaser when there exists either actual or constructive notice of his purchase.

2. **Same.**—While the foreclosure proceedings against the mortgagor do not conclude the purchaser's right to redeem, they do not free the land from the lien. The purchaser's title is not strengthened by the foreclosure proceedings to which he was not a party.

3. **Same—Good as a Personal Judgment.**—While such foreclosure proceedings against the mortgagor after he had parted with the equity of redemption are defective as a foreclosure, still the judgment is good as a personal judgment against the mortgagor, ascertaining the amount of the claim and removes the operation of statutes of limitation upon the original claim or cause of action.

4. **Subrogation.**—The purchaser at sheriff's sale under the decree of foreclosure, when sued by the holder of the equity of redemption not concluded by defective foreclosure suit, may reconvene by pleading his title by subrogation to the mortgage, and have the land subjected to the equities held by him.

APPEAL from Val Verde. Tried below before Hon. Winchester Kelso. The opinion contains a statement of the matters discussed therein.

*B. L. Aycock,* for appellants.—The court erred in his conclusion of law and facts, because the facts show, and are not disputed, that the superior and only legal title to the property is in plaintiffs, and that the defendant was in the wrongful possession of it; and because defendant could not acquire the equitable rights of the Building and Loan Association by purchase at sheriff's sale of the lot as against plaintiffs; and defendant did not show payment of any consideration, nor show that he owned the judgment of $953.60 by transfer to him, so as to entitle him to assert the judgment he had no privity with, and to which plaintiffs were not parties; and because the plaintiffs pleaded the statute of limitation of four years, and the debt accrued to the Building and Loan Association on 6th of April, 1886, and this cross-action was filed October 3, 1890, and having neither the legal title nor any equity the judgment should have been for plaintiffs. 2 Freem. on Ex., 2 ed., sec. 352; Hendricks v. Snediker, 30 Texas, 307.

Levy by plaintiff on an equity ineffectual. Burks v. Watson, 48 Texas, 107; B. and L. Assn. v. King & Fordtran, 71 Texas, 731.

*H. C. Carter,* for appellee.—1. The appellee's special answer did show that he had an equitable right to have the lien again foreclosed as to appellants, and that neither O'Connor nor the association were nec-

·essary or proper parties to this suit, all their interest having passed to the parties before the court, at least "for the purposes of this suit." Ins. Co. v. Clarke, 79 Texas, 23; also, on the question of parties, Silliman v. Gammage, 55 Texas, 372; Monroe v. Buchanan, 27 Texas, 241; Hobby's Land Law, sec. 86; 2 Jones on Mort., 4 ed., secs. 1394, 1395; 8 Am. and Eng. Encyc. of Law, p. 211, and numerous citations.

2.   The statute of limitation has no application; appellants could only plead such defense as O'Connor might have pleaded.   The judgment was rendered against him long before the lien debt was barred, and is a valid judgment as to him at least.   Beck v. Tarrant, 61 Texas, 402; Hobby's Land Law, sec. 427.

HENRY, ASSOCIATE JUSTICE.—This was an action of trespass to try title brought by appellants.   The property in controversy is a lot in the town of Del Rio.   The petition is in the usual form.

The defendant pleaded not guilty, and specially that on the 12th day of March, 1884, one John O'Connor was the lawful owner of the lot; that on said date the said owner made a mortgage upon the property in favor of the Del Rio Building and Loan Association, a corporation, to secure an indebtedness of $1000, with interest at the rate of 10 per cent per annum; that said mortgage was duly recorded on the 8th day of April, 1884; that appellants King & Fordtran on or about the 12th day of June, 1885, caused an execution issued upon a judgment in their favor and against said O'Connor to be levied upon said lot, and that they purchased it at the sale made under said execution; that afterward said corporation brought suit in the District Court against said O'Connor to foreclose its said mortgage, and on the 24th day of April, 1886, plaintiff and defendant appearing, judgment was rendered in favor of plaintiff and against said O'Connor for the sum of $953.60, with interest at the rate of 10 per cent per annum, and foreclosing said mortgage; that the sheriff sold said property, as the law directs, under an order of sale issued upon said judgment; that at said sale said corporation purchased said lot for the sum of $1025; which sum having been credited on its judgment, the sheriff, on the 7th day of July, 1886, made to the purchaser a deed for the lot, which was duly recorded on the 26th day of October, 1886; that afterward, on the 9th day of May, 1889, the sheriff of Val Verde County levied an execution against the said corporation, issued upon a judgment rendered against it in the District Court of said county, upon said lot as the property of the said corporation, and, proceeding as the law directs, sold said lot under said execution; that defendant became the purchaser at said sale, and having paid the purchase money received from the sheriff a deed for the property; that plaintiffs have never paid off nor offered to pay off said mortgage debt.   The defendant prayed that if the plaintiffs failed to

discharge said mortgage debt that the mortgage be then foreclosed in his favor and the property be sold to satisfy the mortgage debt.

The plaintiffs filed exceptions to the answer, which were overruled by the court, one of them being that defendant's cause of action was barred by the four years statute of limitation. The cause was tried without a jury and a decree was rendered foreclosing the mortgage in favor of the defendant for the sum of $953.60, without interest, and directing that if the property, when sold under the order of sale directed to be issued to enforce the decree, should bring more than enough to satisfy the last named sum and the costs adjudged in favor of the defendant the excess be paid to plaintiffs.

The court's findings of fact and the evidence substantially support the special answer of the defendant.

The only errors assigned relate to the ruling of the court upon plaintiffs' exceptions to the defendant's answer. It has been repeatedly decided by this court that where a mortgagor's equity of redemption or legal title to land is sold to another, that a suit to foreclose the mortgage against the mortgagor without making the purchaser of his title a party and a decree of foreclosure and sale have no effect upon the title of such purchaser when there exists either actual or constructive notice of his purchase. Byler v. Johnson, 45 Texas, 509; Preston v. Breedlove, 45 Texas, 47; Morrow v. Morgan, 48 Texas, 304; Monroe v. Buchanan, 27 Texas, 242; Silliman v. Gammage, 55 Texas, 365; Railway v. Whitaker, 68 Texas, 634; 11 Texas, 547.

As O'Connor had been divested of the legal title the decree of foreclosure against him and the sale made under it did not have the effect of investing the purchaser at that sale with such title. It remained in plaintiffs as purchasers of it at execution sale against him. The deed to them had been duly recorded. But while the foreclosure proceedings failed to divest their title they did not have the effect of conferring upon plaintiffs any other or different right to the land than they had previously had. They held the title subject to the mortgage afterward as they did before. While the foreclosure suit to which they were not made parties did not deprive them of their right as purchasers of the legal title to discharge the mortgage by paying the debt, it did not on the other hand free the land of the debt and give to them an unincumbered title.

Notwithstanding the judgment against O'Connor had no validity or effect as to the foreclosure of the mortgage, it was a good personal judgment, establishing, as against him, the amount of the debt and removing the operations of the statute of limitations upon the original cause of action. Beck v. Tarrant, 61 Texas, 403.

The case of Morrow v. Morgan, 48 Texas, 308, was upon a state of facts very similar to the one now before us. In that case Smith mortgaged the land to McGary and afterward sold and conveyed it to Mor-

row. Subsequently the mortgage was foreclosed against Smith in a suit to which Morrow (whose title was duly recorded) was not made a party. Morgan purchased the land at the foreclosure sale. Morrow brought an action of trespass to try title. In the opinion it is said:

"The defendants may, on filing proper pleadings in the nature of a cross-bill, be subrogated to the rights of the mortgagor to the extent of the purchase money paid at the foreclosure sale, and may thus put it in the power of the court to compel the plaintiffs to adjust their equitable claims on the land."

The judgment rendered in this cause was scarcely so favorable to the defendant as to the amount of his recovery as the rule above suggested would have warranted. As he does not complain of the judgment, and as we find no error against the appellant, it will be affirmed.

*Affirmed.*

Delivered March 17, 1891.

A motion for rehearing was made by appellant.

*B. L. Aycock*, for motion.

*H. C. Carter*, resisting.

The motion was transferred to Austin and there refused.