### SHAW v. JACKSON et al.    (No. 608.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 12, 1920. Rehearing Denied Jan. 12, 1921.)

1. Judgment ☞910(1)—Limitation of actions ☞25(10)—Four-year statute does not apply to judgment on secured note.

After a judgment has been entered on a note secured by a trust deed and foreclosure thereof ordered, the 4-year statute of limitations no longer applies, even in favor of subsequent lien claimants who were not parties to the foreclosure suit, but the judgment can be enforced against such parties by a suit for second foreclosure of the trust deed at any time within 10 years after its rendition.

2. Mortgages ☞48(2)—Description as all interest in lands of estate held sufficient.

A description in a deed of trust given to secure a note, as all the interest that the grantor at that time had or might thereafter have by inheritance, will, or otherwise in the lands belonging to a named estate is sufficient to authorize the admission of the trust deed in evidence in a suit to foreclose it upon land of the estate subsequently partitioned to grantor.

3. Mortgages ☞95½—Unrecorded trust deed valid except as against innocent purchaser.

A trust deed which was not recorded in the mortgage and lien records of the county is nevertheless a valid lien as between the parties and all other persons who do not occupy the position of innocent purchasers or lienholders for a valuable consideration.

Appeal from District Court, Jefferson County; E. A. McDowell, Judge.

Suit by John H. Jackson and others against A. L. Shaw and others for a second foreclosure of a deed of trust. Judgment for plaintiffs, and defendant Shaw appeals. Affirmed.

A. L. Shaw, of Beaumont, for appellant.
A. D. Lipscomb and Sol. E. Gordon, both of Beaumont, for appellees.

HIGHTOWER, C. J. This suit was filed by the appellees, John H. Jackson, M. W. Lowry, and J. L. Cunningham, against the appellant, A. L. Shaw, and a number of other defendants. The plaintiffs had judgment in their favor, and defendant Shaw appealed.

The purpose of the suit was to obtain a second foreclosure of a deed of trust, which had previously been foreclosed against the makers thereof without joining in that suit the appellant and several others of the present defendants who asserted claims under the debtors and makers of the deed of trust, which asserted claims accrued, however, after the execution of the deed of trust, but before the filing of the first suit, and some of such claims were not recorded nor known to the appellees until after judgment of foreclosure had been obtained in the first suit. The property sought to be subjected to the lien is 156.4 acres of land in the F. McMahon survey in Newton county. Appellees also sought, by alternative pleading, to recover the land itself. The judgment was for foreclosure of the deed of trust as prayed. The trial was before the court without a jury, and the trial judge filed findings of fact and conclusions of law. We think that the fact findings are sufficiently full to serve as a statement by us of the nature of the case. Such findings are:

"(1) Mrs. Kate S. White and her husband, E. A. White, on July 3, 1907, executed to M. W. Lowry their note for $3,483.55, and gave to J. L. Cunningham as trustee, a deed of trust covering Mrs. White's interest in the lands of W. H. Smith estate in Newton county, to secure said note.

"(2) Afterward on various dates the mortgagors made contracts with several persons affecting their interest in said estate, but none of such persons claimed to be innocent purchasers for valuable consideration to the lien of Lowry. Among the subsequent contracts were: (1) A deed of trust or mortgage with power of sale from White and wife to J. P. Armstrong, to secure an indebtedness, dated September 12, 1910, recorded January 2, 1914;

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and (2) a deed of trust to J. P. Armstrong, dated June 29, 1912, recorded July 6, 1912, conveying an interest to J. P. Armstrong as trustee for the minor defendants, John Carlos White and Lillian Smith White, to secure $1,000; and (3) a contract with C. B. Martin, of date July 10, 1909, recorded July 20, 1909, for the benefit of the firm, composed of C. B. Martin and J. F. Lanier, whereby the said White and wife for $1 and other consideration agreed to give or convey to Martin an undivided interest of 500 acres in all land owned by W. H. Smith, deceased, at the time of his death, anywhere in the state of Texas.

"(3) Defendant Shaw has an assignment of the claim of J. F. Lanier, since deceased, and of the interest of the heirs of C. B. Martin, deceased; and Shaw also became the purchaser at a sale which J. P. Armstrong made, or attempted to make, on April 7, 1914, under the deed of trust of 1910.

"(4) The note to Lowry was due one year after its date, that is allowing three days of grace, on July 6, 1908. On July 3, 1912, Lowry brought suit against White and wife for foreclosure, and on February 3, 1913, recovered judgment for the note and interest and attorney's fees in the total amount of $5,500, with foreclosure.

"(5) Execution to Jefferson county and order of sale to Newton county were issued within the year, and a suit was brought by White and wife to restrain the sale, which was afterwards dismissed, after return date of the sale.

"(6) Lowry, apparently under the impression that he had bought the land at foreclosure, conveyed it to John H. Jackson. Later, it was discovered that no foreclosure sale had been executed, and Jackson took an assignment of the judgment from Lowry, caused an order of sale to be issued, and became the purchaser at such sale.

"(7) After that Jackson instituted the present suit, Cunningham and Lowry joining as plaintiffs suing for his benefit.

"(8) During this suit all defendants except Shaw and the minor defendants have abandoned their claims. Both the claims asserted by Shaw it will be noted are posterior in date to the deed of trust given for security of the note to Lowry, and so is the deed of trust under which the minors assert claims. The defendant Shaw pleaded estoppel, res adjudicata, and various statutes of limitation.

"(9) It was admitted by the parties in open court that the property in controversy was not of value anything like equal to the amount of judgment foreclosed against it."

Appellant, Shaw, makes no attack upon any finding of fact by the trial court, and such findings will be adopted in toto by this court. The trial court's conclusion of law was as follows:

"Lowry brought his suit on a note in time to stop the running of the statute of limitations. After that persons claiming under White and wife under subordinate contracts could not avail of the statutes of limitation that would otherwise have been applicable to the note; and this was so even though they were not parties to the suit. King v. Brown, 80 Tex. 278, 16 S. W. 39. Under the circumstances

of this case the plaintiffs probably had a right to recover of their suit of trespass to try title. However, there could be no doubt of the plaintiff's right to their second foreclosure under the circumstances. Wright v. Wooters, 46 Tex. 382; Jones on Mortgages, § 1679; Johns v. Wilson, 180 U. S. 450;[1] 9 Cyc. of P. & P. 539. The plaintiffs make the debtors formal parties, but seek no judgment for costs of the second suit against them. They are entitled to have the judgment established as a prior lien as against the claims of all the defendants."

The appellant, Shaw, attacks the judgment of the trial court by seven assignments of error, but some of them, in effect, are but repetitions of others. We shall not attempt to dispose of them in numerical order, for appellant's brief does not present them in such shape as to render it convenient to this court to so dispose of them. Indeed, we doubt whether we should, over objections made by appellee, consider some of them. However, we will dispose of the case on its merits, according to our understanding of these assignments. The contentions made under these several assignments may be said to be the following:

[1] It is contended, in effect, by the first, second, and third assignments that the right of the appellees to have a second foreclosure of the deed of trust, as was here attempted and accomplished by them, was barred by the 4-year statute of limitation. In treating these assignments, appellant's counsel seems to be under the impression that this suit was, in effect, a suit upon the note that was executed by White and wife in favor of M. W. Lowry, and which evidenced the debt sued upon in the first suit by Lowry against White and wife. In this the appellant is mistaken.

The debt evidenced by that note took the form of a judgment in that suit, and the judgment itself, instead of the note, evidenced that debt owed by White and wife to Lowry. Execution was issued upon that judgment within the year after its rendition, and thereby the debt and obligation evidenced by the judgment were preserved for a period of 10 years, and no statute of limitation of this state other than the 10-year statute could successfully be pleaded against such debt, either by White and wife or by any person claiming under them an interest in the property by which such debt was secured, and which claim accrued subsequent to the execution of the deed of trust lien, there being no question of innocent purchaser or innocent lienholder involved. And therefore the appellees, under the facts and circumstances as found by the trial court, were entitled to a second foreclosure of the deed of trust as against the appellant, as was had in this case. King v. Brown, 80 Tex. 276, 16 S. W. 39; Beck v. Tarrant, 61 Tex. 404; Wilcox v. Bank, 93 Tex. 322, 55 S. W. 320; Slaughter v. Owens, 60 Tex. 670.

[1] 21 Sup. Ct. 445, 45 L. Ed. 613.

[2] By the fourth assignment, it is contended, in effect. that the trial court was in error in admitting in evidence, over appellant's objection, the deed of trust sought to be foreclosed, for the reason that the same did not sufficiently describe the 156.4 acres of land involved in this suit to create a lien thereon. The deed of trust at the date of its execution covered all the interest that Mrs. White at that time had or might thereafter have by inheritance, will, or otherwise in the lands belonging to the W. H. Smith estate in Newton county. It is true that the specific 156.4 acres of land here involved was not mentioned in the deed of trust owned by Mrs. White, but in 1914, upon a division and partition or the estate, this 156.4 acres of land fell to her. We will not dwell upon this contention further, but hold that it cannot be sustained.

[3] It is next contended under this assignment that the deed of trust created no lien upon any land at all, for the reason, as given by appellant, that the instrument was not recorded in the mortgage and lien records of Newton county, but was recorded in the deed records instead. If it should be conceded that the record here shows that the deed of trust was not recorded in the mortgage and lien records of Newton county, which we do not concede, still, as between the parties to· that deed of trust and all other persons not in the attitude of innocent purchasers or lienholders for valuable consideration, a valid lien was thereby created on the land covered by that instrument in favor of M. W. Lowry to secure the payment of the· debt by White and wife; and it is not claimed by appellant that he or any person whose interest he has acquired was an innocent purchaser or lienholder for value, and we must therefore overrule this contention.

We have considered all the assignments, but think that none of them can be sustained, and they are therefore overruled, and the judgment of the trial court affirmed.