ADAMS v. EDMONDS et al.

No. 11322.

Court of Civil Appeals of Texas. Galveston.

Feb. 12, 1942.

Rehearing Denied March 5, 1942.

198

Able & Stokes and Levert J. Able, all of Houston, for appellant.

William M. Nathan, Albert J. DeLange, Frank A. Stamper, and Robert P. Beman, Jr., all of Houston, for appellees.

MONTEITH, Chief Justice.

This action was brought by appellee, James H. Edmonds, against appellant, George B. Adams, et al., to foreclose a deed of trust lien on a 7.7 acre tract of land out of the Luke Moore Survey in Harris County, Texas. The suit was originally filed as a straight trespass to try title action. By amended pleadings appellee also sought the foreclosure of a deed of trust lien against the property in controversy. He alleged that the lien had been reduced to judgment and that he had purchased both the judgment and the property.

Appellant answered by a plea of not guilty and the four years' statute of limitation.

In a trial before the court, without a jury, judgment was rendered that appellee take nothing by his trespass to try title suit but that he have foreclosure of said deed of trust lien against appellant and his tenant, all other defendants having disclaimed.

Findings of fact and conclusions of law were filed by the trial court. No statement of the facts has been brought to this court; we must, therefore, rely upon the pleadings and the findings of fact by the trial court in passing upon the correctness of the court's judgment.

The court found the following facts: On February 26, 1926, Frank R. Ball and Louis L. Strey borrowed the sum of $4,500 from appellee for which they executed a note in his favor of that date and a deed of trust to secure its payment. The deed of trust was promptly recorded. The title to the property passed out of Ball and Strey and into J. H. Rafferty by a chain of mesne conveyances, in each of which the payment of said note was assumed by the grantee. All of said deeds were recorded. The deed to Rafferty was dated May 9, 1927. Said note and the liens and remedies securing it passed by various assignments into Mrs. Ray F. Sharp, who, on January 5, 1934, filed suit in the district court of Harris County against Ball and Strey, appellee Edmonds, who had endorsed the note, and J. H. Rafferty, who was then the owner of the land, for the debt, with interest and attorney's fees, and for foreclosure of the deed of trust lien on the property in controversy. On December 12, 1934, judgment was rendered in favor of Mrs. Sharp for her debt, and for foreclosure of her lien on said property. Prior to the filing of the Sharp suit, the Marine Bank & Trust Company had filed an abstract of a judgment in its favor against J. H. Rafferty. The Trust Company was not made a party to the Sharp suit. Order of sale under the Sharp judgment was promptly issued and the property was bid in at sheriff's sale by appellee. The sheriff's deed to him was promptly filed for record and properly indexed. After he had purchased said property at sheriff's sale, appellee also purchased the Sharp judgment. He paid the sum of $4,100 for said judgment and the sum of $1,640.10 for the property at said sheriff's sale. He also paid delinquent taxes against the property amounting to in excess of $1,000. He immediately went into possession of the property after his purchase. Subsequent to said sheriff's sale and while appellee was in possession of said property, R. O. Wyatt, who had purchased the judgment of the Marine Bank & Trust Company, caused said property to be sold under execution under the Marine Bank & Trust Company judgment. Said property was purchased at this sale by one C. M. Shaw, who was acting for appellant, for the sum of $250. Shaw immediately conveyed the property to appellant. The court found that at the date of the execution sale to Shaw the reasonable market value of the property was $9,240.

The court also found that neither the Marine Bank & Trust Company nor the persons claiming under it and its judgment, including appellant, were innocent purchasers of the property for value and that they had notice of the lien which was foreclosed in the Sharp suit.

The sole question presented in the appeal is whether appellee's suit to foreclose the lien of the Sharp judgment and the liens merged into said judgment is barred by the four-year statute of limitations, Article 5520, Vernon's Ann.Civ.Statutes, by reason of the fact that neither appellant nor the Marine Bank & Trust Company, under whom appellant claims, were made parties to the Sharp suit.

The material parts of Article 5520, as amended, read:

"There shall be commenced and prosecuted within four (4) years after the cause of action shall have accrued and not afterward, except as herein provided, all actions of the following description:

"1. Actions to recover real estate by virtue of a superior title retained by the vendor in a deed of conveyance or purchase money note.

"2. Actions for the foreclosure of vendor's liens on real estate.

"3. Actions to foreclose deed of trust or mortgage liens on real estate."

■ In construing said Article 5520 our courts have uniformly held that a suit for debt and foreclosure of a lien filed against the maker of a note effectively stays the four-year statute of limitation, in so far as the makers of the note or any person claiming an interest in the property by which the debt was secured under them which accrued subsequent to the execution of the deed of trust is concerned, where no question of innocent purchaser or innocent lien holder is involved.

This rule was definitely established by the Supreme Court in the early case of King & Fordtran v. Brown, 80 Tex. 276, 16 S.W. 39, which involved the foreclosure of a mortgage executed by the owner of property to a building and loan association to secure a loan. While the loan company's note and lien were in full force and effect, an execution was issued upon a judgment against the owner of the land in favor of King & Fordtran, who became purchasers of the property at sheriff's sale. After such execution sale, suit was brought by the Loan Association to foreclose its mortgage lien against the owner. King & Fordtran were not made parties to this suit. Title was acquired by the Association at the foreclosure sale. It afterward passed into Brown. King & Fordtran filed suit against Brown in trespass to try title. By cross-action Brown prayed for a foreclosure of his lien against the land, and judgment was rendered in his favor foreclosing the deed of trust. The Supreme Court held that the judgment against the owner of the land establishing the amount of the debt stayed the statute of limitation with respect to King & Fordtran, subvendees holding under the owner, who were not parties to the foreclosure suit.

In the case of Shaw v. Jackson, Tex.Civ. App., 227 S.W. 520, under a state of facts identical in all material respects with those in the instant case, it was held that the four-year statute of limitation was not available to subsequent lien holders who were not made parties to a suit brought against the makers of the original note within the limitation period and that the debt evidenced by that note took the form of a judgment in a foreclosure suit and that the judgment itself, instead of the note, evidenced the debt and that only the ten-year statute of limitation, Vernon's Ann.Civ.St. art. 5510 could be successfully pleaded against such debt, either by the original owners or any person claiming an interest in the property by which such debt was secured under them, which accrued subsequent to the execution of the deed of trust, where no question of innocent purchaser or innocent lien holder was involved.

This rule is applied in the case of Ater v. Knight, Tex.Civ.App., 218 S.W. 648, 649, 652, writ of error denied. Under a state of facts similar in all material respects to those in the instant case, the court in its opinion said: "The fact that they [the Aters] had no notice of the suit or judgment we do not think affects the appellee's right to foreclose. At the time this suit was brought, and in fact before the appellant purchased the land, the note and lien had been merged in the judgment, to which the ten-year statute applies. The articles of the statute just referred to [the 1913 act pertaining to limitation on vendor's lien and deed of trust lien notes] would seem to indicate that when suit is brought such action will dispense with the extension provided for under the statute, and that the rules of law with reference to the running of the statute will not otherwise be affected."

In the case of Paddock v. Williamson, Tex.Civ.App., 9 S.W.2d 452, writ of error denied, the holding in the case of Ater v. Knight, supra, is followed and like application is given to the 1925 statute pertaining to limitations as applied to vendor's liens and deed of trust liens as given in the Ater case to the Acts of 1913.

In the case of Hartel v. Dishman, 135 Tex. 600, 145 S.W.2d 865, decided December, 1940, the Supreme Court expressly approves the holdings in both the Paddock v. Williamson and the Ater v. Knight cases, supra, in holding that the filing of a suit, as between the parties, stopped the running of the statutes of limitation as effectively as if the maker of the note and the grantor of the deed of trust had formally renewed the debt and lien, and that the party claiming under the maker of the note could assert no better right to the land in suit than the maker could have asserted, unless he was a bona fide purchaser of the land without notice of the pendency of the suit.

In the instant case it is undisputed that appellee had a valid and subsisting note secured by a deed of trust lien on the land in controversy which was, in effect, converted into a vendor's lien by the assumption of the indebtedness represented by the note by the grantees in the various deeds which passed the title to the property from Ball and Strey, the purchasers from appellee, into Rafferty. A short time after the note matured, Marine Bank & Trust Company filed its abstract of judgment against Rafferty. The Sharp suit was filed less than four years after the maturity of the note. It was diligently prosecuted to judgment for debt and foreclosure against both the makers of the note and Rafferty, who was then the owner of the land.

Under the above authorities, appellant could claim no better right to the land than the makers of the note could have asserted, unless he could show himself to be a bona fide purchaser of the land without notice of the pendency of the suit. The trial court found that appellant was not an innocent purchaser for value of the property in controversy. In the absence of a statement of facts the findings of the trial court are conclusive upon this court and all questions of fact must be resolved in favor of the correctness of the judgment appealed from and all facts in support of said judgment are presumed.

It follows from above conclusions that the judgment of the trial court must be in all things affirmed.

Affirmed.